UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JAYLAN D. EALY                                                              PETITIONER
ADC #162604

V.                        NO. 4:21-CV-00241-JTR

DEXTER PAYNE,
Director, Arkansas Division of Correction                    RESPONDENT

## MEMORANDUM OPINION AND ORDER[1]

Pending before the Court is the § 2254 Petition and Amended Petition for Writ of Habeas Corpus filed by Jaylan Ealy ("Ealy"), a prisoner in the custody of the Arkansas Division of Correction. *Docs. 2 & 4*. In this proceeding, Ealy challenges his conviction for committing a terroristic act. Respondent filed a Response arguing Ealy's claim is time barred, procedurally defaulted, and lacks merit. *Doc. 11*. Ealy filed a Reply and Addendum. *Docs. 13 & 15*. Thus, the issues are now joined and ready for disposition.

### I. Background

In 2015, a Pulaski County jury convicted Ealy of aggravated robbery, first-degree battery, aggravated assault, and committing a terroristic act and sentenced him to an aggregate sentence of 55 years' imprisonment. *Ealy v. State*, 2017 Ark.

---

[1]The parties have consented in writing to proceeding before a United States Magistrate Judge. *Doc. 9*.

App. 35, at 1–2, 511 S.W.3d 355, 356. Ealy appealed and, on January 25, 2017, the Arkansas Court of Appeals affirmed his conviction. *Id*.

Ealy did not seek Arkansas Supreme Court review. He also did not file any Rule 37 petitions or other postconviction petitions in state court challenging his conviction.

For the reasons that follow, the Court concludes that Ealy's habeas claims are untimely. Accordingly, this habeas action is dismissed, with prejudice.

## II. Discussion

### A. AEDPA's One-Year Statute of Limitations Began to Run When the Judgment Against Ealy Became Final.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a one-year statute of limitations governs a state prisoner's federal habeas corpus challenge to his conviction. 28 U.S.C. § 2244(d)(1). Generally, the limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, if a petition alleges newly discovered evidence, the filing deadline is one year from "the date on which the factual predicate of the claim could have been discovered through due diligence." 28 U.S.C. § 2244(d)(1)(D).

Ealy claims his terroristic act conviction is invalid because he shot the victim while the victim was in a vehicle, not a "conveyance," as that term is used under the Terroristic Act statute. *Docs. 2 & 4*. Obviously, Ealy knew before being charged,

and well before being convicted, the facts surrounding the shooting. This includes where the victim was when Ealy shot him. Thus, as that time, he was in a position to make the same strained and borderline frivolous argument he is now making, *i.e.*, a "vehicle is not a "conveyance" under the Arkansas Terroristic Act statute.

Because the newly discovered evidence provision does not apply to this "new" argument Ealy now seeks to advance, he had *one year* from the date his conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review" to bring this habeas action. 28 U.S.C. § 2244(d)(1)(A).

**B. AEDPA's One-Year Limitations Period Began to Run on February 14, 2017, and Expired on February 14, 2018.**

On January 25, 2017, the Arkansas Court of Appeals affirmed Ealy's conviction. He then had eighteen days – until and including February 13, 2017 – to seek discretionary review of that decision.[2] Ark. S. Ct. Rules 2-3(a) and 2-4(a). Ealy, however, did not seek discretionary review by the Arkansas Supreme Court. Thus, his judgment of conviction became "final" on February 14, 2017. *Johnson v. Hobbs*, 678 F.3d 607, 610 (8th Cir. 2012).

[2]Under Arkansas Rules of Appellate Procedure, when the last day for filing a petition for review falls on a Saturday, Sunday, or legal holiday, the time to file is extended to the next business day. Ark. R. App. P. Crim. R. 17. Because the filing deadline fell on Sunday, February 12, 2017, Ealy had until the next business day, February 13, 2017, to file a petition for review in the Arkansas Supreme Court.

Absent tolling, the one-year limitations period expired on February 14, 2018. Ealy did not file the pending Petition until March 29, 2021. *Doc. 2*. Thus, Ealy filed his habeas Petition too late.

### C. Tolling Cannot Be Applied to Excuse Ealy's Untimeliness.

The AEDPA provides that the one-year limitations period is tolled while a "properly filed" Rule 37 Petition for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). It does not appear Ealy filed any Rule 37 petitions or other postconviction petitions in state court challenging his conviction. Accordingly, Ealy has no basis to argue that the limitations period should be statutorily tolled.

The one-year limitations period may be equitably tolled if Ealy can demonstrate that: (1) he has been "pursuing [his] rights diligently," but (2) "some extraordinary circumstance stood in [his] way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2560, 2562 (2010). "Equitable tolling is an exceedingly narrow window of relief[,]" and "[t]he burden of demonstrating grounds warranting equitable tolling rests with the petitioner." *Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007) (omitting citation); *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009).

Ealy has made no showing that he has satisfied either of the essential elements required to qualify for equitable tolling.[3] Accordingly, equitable tolling cannot be

---

[3] Ealy also cannot rely on his *pro se* status, lack of legal knowledge or resources, or any confusion about the federal limitations period or state post-conviction law to justify equitable tolling. *Gordon v. Arkansas*, 823 F.3d 1188, 1195, n. 4 (8th Cir. 2016) (rejecting petitioner's argument to apply equitable tolling to period he was attempting to exhaust state-court remedies);

applied to excuse Ealy's untimeliness.

### D. Ealy Has Failed to Offer New Evidence Demonstrating That He Is Actually Innocent.

Ealy makes a conclusory argument that he is actually innocent in an attempt to avoid the AEDPA's one-year limitations period. *Doc. 13 at 3*.

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or expiration of the AEDPA statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383 (2013). The Court cautioned, however, that "tenable actual-innocence gateway pleas are rare: [A] petitioner does not meet the threshold requirement unless he [or she] persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995), and *House v. Bell*, 547 U.S. 518, 538 (2006)) (internal quotations omitted).

The actual innocence exception requires a habeas petitioner to come forward with "new reliable evidence" which was "not available at trial through the exercise of due diligence." *Schlup*, 513 U.S. at 324; *Barton v. Stange*, 959 F.3d 867, 872 (8th Cir.), cert. denied, 140 S. Ct. 2800 (2020). The law is clear that, "[w]ithout any new

---

*Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012) (a petitioner's *pro se* status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law, does not justify equitable tolling); *Shoemate v. Norris*, 390 F.3d 595, 597-598 (8th Cir. 2004) (same); *Baker v. Norris*, 321 F.3d 769 (8th Cir. 2003) (same).

evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316; *Nooner v. Hobbs*, 689 F.3d 921, 937 (8th Cir. 2012) (when a habeas petitioner fails to present new, reliable evidence of innocence, "it is unnecessary to conduct a further *Schlup* analysis.").

Ealy does not advance any factual basis for claiming actual innocence. Instead, he merely summarizes the Court's holding in *McQuiggin v. Perkins*, 569 U.S. 383 (2013). He also asks the Court for an evidentiary hearing because "he did not receive a full and fair evidentiary hearing in the trial court." Doc. 14; Doc. 15 at 2. Ealy's request for an evidentiary hearing fails for three reasons.

First, Ealy's "Request for an Evidentiary Hearing," is essentially a request for a new trial. Such a use of habeas evidentiary hearings is clearly forbidden. *Battle v. Delo*, 64 F.3d 347, 354 (8th Cir. 1995) (The actual innocence gateway *may* require an evidentiary hearing but does not provide the "opportunity for fishing expeditions" or a "second trial").

Second, Ealy has failed to *produce* any *new* evidence in support of his actual innocence allegation. *Id.* ("It is the petitioner's, not the court's, burden to *support* his allegations of actual innocence by *presenting* new reliable evidence of his innocence."); *Osborne v. Purkett*, 411 F.3d 911, 920 (8th Cir. 2005), as amended

6

(June 21, 2005) ("Evidence is only 'new' if it was 'not available at trial and could not have been discovered earlier through the exercise of due diligence.'").

Finally, "a habeas petitioner is generally barred from receiving an evidentiary hearing unless he has been diligent in attempting to develop the factual basis of his claim in state court." *McGehee v. Norris*, 588 F.3d 1185, 1194 (8th Cir. 2009) (citing 28 U.S.C. § 2254(e)(2)). Ealy did not pursue postconviction relief in state court and does not allege any reason for failing to do so. Accordingly, he cannot argue that he *diligently* attempted to develop evidence in state court.

### III.  Conclusion

Ealy's habeas action is untimely. He has provided no basis for tolling of the limitations period or for this Court to grant an evidentiary hearing on his conclusory "actual innocence" claim.

IT IS THEREFORE ORDERED THAT:

1. Ealy's Motion for Evidentiary Hearing, *Doc. 14*, is DENIED.

2. Ealy's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus and amendment thereto, *Docs. 2 and 4*, are DENIED and this case is DISMISSED, WITH PREJUDICE.

3. A Certificate of Appealability is DENIED. *See* 28 U.S.C. § 2253(c)(1)–(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

DATED this 11th day of July, 2022.

                                                                                 _____
                                                                                 UNITED STATES MAGISTRATE JUDGE